_____



**SO ORDERED,**

*Judge Jason D. Woodard*

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEVEN K. JENKINS, | ) | Case No.:   19-13234-JDW |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| U.S. TRUSTEE, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | A.P. No.:   21-01025-JDW |
| | ) | |
| STEVEN K. JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

1

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (DKT. # 62)

This matter came before the Court on the *Motion for Summary Judgment* and the accompanying brief in support thereof[1] filed by the plaintiff David W. Asbach, United States Trustee for Region 5. The plaintiff seeks summary judgment on its complaint to deny a bankruptcy discharge to the debtor based on violations of § 727 of the Bankruptcy Code[2] for the debtor's failure to disclose assets and provide required financial documents in the bankruptcy case. The plaintiff relies on prior findings and rulings of the Court made after evidentiary hearings in the main bankruptcy case. The defendant failed to respond to the summary judgment motion, and, in fact, specifically confirmed that he would no longer defend this adversary proceeding.[3]

The Court has considered the pleadings, its prior findings and rulings, the plaintiff's brief, and relevant law, and concludes that the motion is due to be granted. Judgment will be entered in favor of the plaintiff and the debtor's discharge will be denied.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of*

---

[1] (A.P. Dkt. # 62).
[2] "Bankruptcy Code" refers to 11 U.S.C. §§ 101-1532.
[3] (A.P. Dkt. # 63).

2

*Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (J), and (O).

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] The party seeking summary judgment bears the burden of demonstrating to the court the absence of a genuine issue of material fact.[5] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party."[6] All reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.[7]

Rule 56 further provides:

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing former Fed. R. Civ. P. 56(c)); *see also* Fed. R. Civ. P. 56(c)(1). Fed. R. Civ. P. 56 is made applicable by Fed. R. Bankr. P. 7056.
[5] *Id.* at 323.
[6] *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F. 3d 528, 531 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[7] *Kennett-Murray Corp. v. Bone*, 622 F. 2d 887, 892 (5th Cir. 1980) (citations omitted).

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>> . . . .
>> (2) consider the fact undisputed for purposes of the motion;
>> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it;
>> . . . .[8]

In this adversary proceeding, the defendant has failed to respond to the plaintiff's motion and has affirmatively stated he would no longer defend the adversary proceeding.[9] The Court deems all facts as presented by the plaintiff as undisputed,[10] but will still consider the reliability, propriety, and relevance of the evidence submitted by the plaintiff.[11]

Further, the defendant's failure to respond to the motion does not shift the initial burden from the plaintiff to prove that there is no genuine issue of material fact. "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' . . . . If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[12]

---

[8] Fed. R. Civ. P. 56(e).
[9] (A.P. Dkt. # 63).
[10] Fed. R. Civ. P. 56(e).
[11] *Hughes v. Hughes* (*In re Hughes*) 2018 WL 4781488 *2 (Bankr. N.D. Miss. Oct. 1, 2018) (citations omitted).
[12] *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323).

4

### III. FACTS AND RELEVANT PROCEDURAL HISTORY[13]

The procedural posture of this adversary proceeding is somewhat unusual, in that multiple evidentiary hearings have been held in the main bankruptcy case prior to this summary judgment motion. In support of the motion, the plaintiff relies on findings and rulings following those hearings, most of which have been affirmed by the district court and/or have become final and non-appealable.[14] Filed in August 2019, the bankruptcy case associated with this adversary proceeding has over 600 docket entries. As this Court has previously found, the "debtor's entire case has been replete with delay, obfuscation, and defiance."[15] The Court will not address every instance of misconduct here, as the examples below provide a sufficient factual basis to decide the motion.

When he filed his bankruptcy case, the debtor-defendant failed to disclose his ownership interest in a charter fishing boat, valued at $300,000 at one point, in his bankruptcy schedules.[16] After the chapter 7 trustee discovered the boat, he requested documentation regarding ownership from the defendant, filed a *Motion to Compel Turnover*[17], and filed a *Motion to Sell*

---

[13] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[14] (Bankr. Dkt. ## 298, 359, 402, and 462) and (A.P. Dkt. ## 17, 43, 57).
[15] (Bankr. Dkt. # 402).
[16] (Bankr. Dkt. # 11).
[17] (Bankr. Dkt. # 45).

5

*Asset*[18]. Months later, the defendant amended his schedules only to reflect a 50% interest in an LLC—not the boat.[19]

Following an evidentiary hearing, the Court concluded that the defendant was the owner of the boat when the bankruptcy case was filed.[20] The Court found that the defendant and his good friend, Bill Swick, had evaded the chapter 7 trustee's attempts to locate and liquidate the boat by backdating documents and excluding this valuable asset from the defendant's sworn bankruptcy schedules.[21] The defendant attempted to hide his interest in the boat, which was property of the bankruptcy estate and due to be liquidated for the benefit of creditors. This ruling was affirmed by the Honorable Sharion Aycock on appeal.[22] On appeal, the district court disagreed "with the [defendant's] characterization of the evidence before the Bankruptcy Court regarding the boat's ownership and squarely reject[ed] this point of appeal."[23]

At one point, the defendant filed a *Motion to Convert Chapter 7 Case to Chapter 12*.[24] In that motion, the defendant stated his "failure to initially schedule the boat in question resulted from miscommunication between the

---

[18] (Bankr. Dkt. # 69).
[19] (Bankr. Dkt. # 184).
[20] (Bankr. Dkt. # 298).
[21] *Id.*
[22] (Bankr. Dkt. # 462).
[23] *Id.*
[24] (Bankr. Dkt. # 353).

6

[d]ebtor and counsel."[25] Yet, the boat was never scheduled.[26] This Court explained the following in its *Order Denying Motion to Convert*:

> This debtor's entire case has been replete with delay, obfuscation, and defiance. He has failed to disclose several valuable assets. He has failed to disclose payments and property transfers both before and after the bankruptcy case was filed. He has filed amendments to his schedules only when caught. He has failed to comply with orders of the Court and the Bankruptcy Code mandates. He continues to make post-petition payments to Mr. Swick for repayment of undisclosed loans. He continues to use estate assets after filing a liquidation case and has paid the proceeds (bankruptcy estate property) to creditors without Court or trustee approval. The debtor has consistently been untruthful with the Court and the trustee, has ignored dictates of the Bankruptcy Code, and has acted in bad faith at every turn. Permitting this debtor to convert to chapter 12, without trustee control, would be putting the fox in charge of the henhouse.[27]

There have been other instances of the debtor failing to provide information and documents he had a duty to provide. The § 341 meeting of creditors had to be rescheduled by the trustee sixteen times in this case due to the defendant's repeated refusal to provide financial documents he had a duty to provide.[28] After the fifth meeting of creditors was continued[29], the chapter 7 trustee filed a *Motion to Compel Turnover* seeking turnover of the

---

[25] (Bankr. Dkt. # 353).
[26] The boat has now been sold by the trustee, resulting in proceeds of $109,052.29 for the creditors. (Dkt. # 422).
[27] (Bankr. Dkt. # 402).
[28] (A.P. Dkt. # 43). Section § 341 of the Bankruptcy Code bars the court from presiding over, or even attending, the meeting of creditors. The Bankruptcy Code directs the United States Trustee or his designee, here the chapter 7 trustee, to convene and preside over the meeting of creditors.
[29] (Bankr. Dkt. # 91).

7

documents.[30] On April 29, 2020, the defendant signed an agreed order agreeing to comply fully with the motion.[31] He again failed and refused to comply.

Having still not received the documents, the trustee filed another *Motion to Compel Turnover*.[32] Again, an *Order* was entered directing the defendant to "turnover all bank account statements for all entities he has an interest in as well as all personal bank accounts from July 2019 to the entry of this order."[33] The defendant again failed and refused to comply. The chapter 7 trustee eventually obtained the documents only through a subpoena to the defendant's banks.[34]

The defendant then filed a motion to dismiss this adversary proceeding arguing the plaintiff's complaint was not timely.[35] This Court denied that motion and found:

> "[t]he initial meeting of creditors was continued at the request of the debtor and the record is clear the meeting was repeatedly continued thereafter due to the debtor's failure to provide necessary documents. . . . Not only has the debtor not cooperated, but his dishonesty and concealment of assets has complicated the case."[36]

---

[30] (Bankr. Dkt. # 95).
[31] (Bankr. Dkt. # 172).
[32] (Bankr. Dkt. # 299).
[33] (Bankr. Dkt. # 359).
[34] (Bankr. Dkt. ## 361, 362).
[35] (A.P. Dkt. # 10).
[36] (A.P. Dkt. # 43).

8

The defendant also appealed that ruling, but the interlocutory appeal was dismissed by the Honorable Judge Michael P. Mills.[37]

### IV. CONCLUSIONS OF LAW

The law of the case doctrine "generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[38] This "expresses the practice of courts generally to refuse to reopen what has been decided."[39] Here, multiple evidentiary hearings have been held and multiple rulings have been issued. As detailed above, the law of this case is substantial and replete with findings of bad faith, deceit, and the defendant's refusal to comply with orders from this Court and fulfill his statutory duties under the Bankruptcy Code.

The plaintiff relies on these prior findings and alleges the defendant violated § 727 (a)(2)(A), (4)(A), and (6)(A) of the Bankruptcy Code. A violation of any one of those subsections is sufficient to deny the defendant's discharge.[40]

Subsection 727(a)(4)(A) provides that a court shall grant the debtor's bankruptcy discharge unless "the debtor knowingly and fraudulently, in or in connection with the case. . . made a false oath or account." The plaintiff must

---

[37] (A.P. Dkt. # 57).
[38] *Winfrey v. Rogers*, 901 F.3d 483, 491 (5th Cir. 2018) (quoting *Musacchio v. U.S.*, 577 U.S. 237, 244-45 (2016)).
[39] *Musacchio*, 577 U.S. at 245 (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)).
[40] *Beaubouef v. Beaubouef*, 966 F. 2d 174, 177 (5th Cir. 1992) (citations omitted).

show: (1) the defendant made a statement under oath, (2) the statement was false, (3) the defendant knew the statement was false, (4) the defendant made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case.[41] "False oaths sufficient to justify the denial of discharge include (1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings."[42]

Section 521 of the Bankruptcy Code details the debtor's duties. Subsection (a)(1)(B) requires the debtor to file, among other things, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of debtor's financial affairs. The defendant had a duty provide documents to the trustee, repeatedly agreed to do so, and then repeatedly failed to do so. Some of those documents were finally obtained only through subpoenas to third parties. The defendant's repeated refusals to disclose assets and provide financial information and documents was a violation of these duties.

Section 542 of the Bankruptcy Code requires the debtor to deliver, and account for, property or the bankruptcy estate or the value thereof to the

---

[41] *In re Gainey*, 2012 WL 528218 *4 (Bankr. S.D. Miss. Feb. 17, 2012) (citing *Beaubouef v. Beaubouef*, 966 F. 2d at 178).
[42] *Beaubouef*, 966 F. 2d at 178 (citing 4 *Collier on Bankruptcy* ¶ 727.04[1], at 727-59 (15th ed. 1992)).

10

trustee. The defendant omitted the boat worth six figures from his schedules.[43] He initially omitted any ownership interest in the LLC from his schedules.[44] Months after the chapter 7 trustee discovered the boat, the defendant amended his schedules to reflect a 50% ownership interest in the LLC with still no mention of the boat.[45] The defendant was the sole owner of the fishing boat, not his good friend and not the LLC.[46] None of this was appropriately disclosed. At a minimum, the chapter 7 trustee's multiple court filings seeking documentation regarding the boat should have prompted the defendant to fully amend his schedules and provide the sought-after financial documents. The failure to schedule the boat on his sworn schedules and to provide bank documents, were multiple instances that a statement or omission was made under oath[47] that the debtor knew was false.[48]

The first three elements having been satisfied, the Court turns to whether the defendant made the false statements or omissions from his bankruptcy schedule with fraudulent intent. "A debtor should be granted his discharge when an omission is made by honest mistake," but the "Court may consider circumstantial evidence to infer fraudulent intent or reckless

---

[43] (Bankr. Dkt. # 11).
[44] *Id.*
[45] (Bankr. Dkt. # 184).
[46] (Bankr. Dkt. ## 298, 462).
[47] Declaration About an Individual Debtor's Schedules, Official Form B 106 Declaration (citing 18 U.S.C. §§ 152, 1341, 1519, and 3571), FRBP 1008, and 28 U.S.C. § 1746.
[48] (Bankr. Dkt. ## 298, 402, and 462).

11

disregard for the truth from the debtor's actions."[49] "The Fifth Circuit has held that there is sufficient evidence of the debtor's reckless indifference to the truth based on the 'existence of more than one falsehood, together with the debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions when he filed his amended schedules.'"[50] Again, the defendant repeatedly failed to disclose the boat on his sworn schedules and continued to be deceptive after the trustee discovered the boat.[51] Multiple other requests for financial documents, motions to compel, and subpoenas issued to banks were necessary to obtain financial documents the defendant had a duty to provide.[52] The Court concludes that the defendant acted with fraudulent intent on these issues.

The final element is whether the statement related materially to the defendant's bankruptcy case. "[T]he subject matter of a false oath is material . . . if it bears a relationship to the bankrupt's . . . estate."[53] Ownership of a fishing boat worth well over six figures bears a definite, unequivocal relationship to the bankruptcy estate of a chapter 7 debtor. In fact, once the boat was discovered and sold by the trustee, it resulted in sale proceeds of

---

[49] *In re Gainey*, at *4 (citations omitted).
[50] *Id.*
[51] (Bankr. Dkt. ## 298, 462).
[52] (Bankr. Dkt. ## 95, 299, 359, 361, 362).
[53] *Gainey* at *5 (citing *Beaubouef*, 966 F. 2d at 178 (citations omitted).

$109,052.29 for the bankruptcy estate.[54] Further, the failure to deliver the documents was material because the debtor had a duty to deliver them to the trustee so he could administer the bankruptcy case.

## V. CONCLUSION

The defendant time and again refused to abide by the orders of this Court and the Bankruptcy Code by not disclosing valuable assets or providing required financial documents. The plaintiff has met his burden, proving both that no issue of material fact remains in this case due to the overwhelming law of the case, and that he is entitled to judgment as a matter of law under § 727(a)(4)(A) of the Bankruptcy Code. Having made this determination, the Court does not reach the plaintiff's arguments under subsections (a)(2)(A) or (6)(A). Accordingly, it is hereby,

**ORDERED**, **ADJUDGED**, and **DECREED** that the Motion is **GRANTED** and the debtor's discharge is hereby **DENIED**. A separate final judgment will be entered in favor of the plaintiff.

##END OF ORDER##

---

[54] (Dkt. # 422).

13